1
2
3
4
5
6
7        IN THE UNITED STATES DISTRICT COURT FOR THE
8              EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10  **CENTEX HOMES,**        ) | 1:07 - CV- 00567 - AWI - SMS |
| 11                 )           | ORDER GRANTING PLAINTIFF |
|              **Plaintiff**,    ) | CENTEX'S MOTION AND |
| 12                 )           | DIRECTING CLERK OF COURT |
|       **v.**          )        | TO CLOSE THE CASE AS TO |
| 13                 )           | ASIC ONLY |
| **FINANCIAL PACIFIC INSURANCE**  ) | |
| 14  **COMPANY, AMERICAN STATES**   ) | [Document # 52] |
| **INSURANCE COMPANY, SAFECO**   ) | |
| 15  **INSURANCE COMPANY AND CARR**   ) | |
| **BUISNESS ENTERPRISES, INC.,**   ) | |
| 16                 )           | |
|              **Defendants**.    ) | |
| 17                 )           | |
| _____) | |

18
19                          **BACKGROUND**

20        On April 12, 2007, Centex Homes ("Centex") filed suit against Financial Pacific

21  Insurance Company,  American States Insurance Company ("ASIC"), Safeco Insurance Company

22  and Carr Buisness Enterpries, Inc.  Centex's claim against ASIC alleges that ASIC  was obligated

23  to defend and indemnify Centex against certain third party homeowner claims and had failed to

24  do so damaging Centex.  ASIC  filed an answer to  the complaint on May 21, 2007.

25        Centex provides evidence showing that ASIC and Centex have since settled their dispute.

26  As part of the settlement agreement between Centex and ASIC, Centex agreed to dismiss its

27  complaint against ASIC.  Co-defendant Carr Business Enterprises, Inc. was a signatory of the

28  November 28th, 2007 settlement agreement between Centex and ASIC.  In accordance with this

agreement, Centex requested all parties to stipulate to a limited dismissal without prejudice of Centex's claims against ASIC.  Centex provides further evidence that counsel for Carr Business Enterprises, Inc. refused to stipulate.  Centex subsequently filed a motion to dismiss its claims against ASIC pursuant to 41(a)(2) of the Federal Rules of Civil Procedure.  No party, including Carr Business Enterprises, Inc., has opposed Centex's motion.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(2) "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  The decision to grant a voluntary dismissal is left to the sound discretion of the district court and principally inquires whether the defendant would suffer some plain legal prejudice as a result of dismissal. Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001);  Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982) .  Plain legal prejudice requires more than the mere prospect of a facing a second law suit or the plaintiff acquiring some tactical advantage. Hamilton at 145.  Examples of plain legal prejudice include loss of federal forum, the loss of a right to a jury trial, the frustration of a statute of limitation defense and the inability to conduct discovery.  Wetlands Water Dist. V. United States, 100 F.3d 94, 97 (9th Cir. 1996) .

### DISCUSSION

From the briefing before the court, the court finds that the voluntary dismissal of ASIC does not engender any plain legal prejudice against any Defendant.  District Courts may use their sound discretion in granting voluntary dismissals.  Hamilton 679 F.2d  at 145.  The central inquiry in the use of the Court's discretion is whether the motion creates plain legal prejudice against the defendants.  Id.  None of the examples of the plain legal prejudice identified by the Ninth Circuit are invoked in granting Centex's voluntary dismissal.  Thus, no defendant has shown any prejudice to the dismissal.  Dismissal is therefore appropriate.

In addition, it is a proper and sound use of the Court's discretion to grant Centex's motion for voluntary dismissal because if facilitates the resolution of this action.  Public policy favors

2

granting the motion for dismissal as it narrows the scope of the dispute in this litigation.

Dismissal facilitates the settlement agreement between Centex and ASIC.  The factors for

dismissal, combined with the lack of plain legal prejudice or opposition to the motion, militate in

favor of granting Centex's motion for voluntary dismissal.

### CONCLUSION AND ORDER

Accordingly, the court ORDERS that Centex's motion for voluntary dismissal of ASIC is

GRANTED.  The Clerk of the Court is DIRECTED to close this case as to ASIC only.


IT IS SO ORDERED.

**Dated:**  **June 10, 2009**                              /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE

3